ROB BONTA
Attorney General of California
NELI PALMA
Senior Assistant Attorney General
EMILIO VARANINI (SBN 163952)
Supervising Deputy Attorney General
SOPHIA TONNU (SBN 330189)
Deputy Attorney General
   455 Golden Gate Ave., Suite 11000
   San Francisco, CA 94102
   Telephone: (415) 510-4400
   Email:  Emilio.Varanini@doj.ca.gov
           Sophia.TonNu@doj.ca.gov

DANNY LO (SBN 265279)
Deputy Attorney General
   300 South Spring Street, Suite 1702
   Los Angeles, CA 90013-1230
   Telephone: (213) 269-6000
   Email: Danny.Lo@doj.ca.gov

DARCIE TILLY (SBN 239715)
Deputy Attorney General
   600 West Broadway, Suite 1800
   San Diego, CA 92101
   Telephone:  (619) 738-9559
   E-mail:  Darcie.Tilly@doj.ca.gov

*Attorneys for Defendants, in their official capacities*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| OPTUM RX, INC.; EMISAR PHARMA SERVICES, LLC,<br><br>                                    Plaintiffs,<br><br>    v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California; MARY WATANABE, in her official capacity as Director of the California Department of Managed Health Care; RICARDO LARA, in his official capacity as Insurance Commissioner of the State of California,<br><br>                                    Defendants. | 2:26-cv-01763-DAD-JDP<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT<br><br>Hearing Date: October 19, 2026<br>Hearing Time: 1:30 p.m.<br><br>Dept:        4<br>Judge:       The Honorable Dale A. Drozd<br>Trial Date:  None Set<br>Action Filed:        5/08/2026 |

1

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Local Rule 230(b), on October 19, 2026, at 1:30 p.m., in Courtroom 4 of this Court located at 501 I Street, Sacramento, California, Defendants Rob Bonta, Attorney General of California, Mary Watanabe, Director of the California Department of Managed Health Care, and Ricado Lara, California Insurance Commissioner, will move to dismiss the Complaint in this action with prejudice on the basis Plaintiffs Optum Rx, Inc. and Emisar Pharma Services, LLC, fail to state a claim. Please note that Judge Drozd's standing order in civil cases states that law and motion hearings are held by Zoom only.

The Rule 12(b)(6) motion will be made, and is made, on the ground the Complaint fails to state a valid claim that the Employee Retirement Income Security Act of 1974 (ERISA) preempts—as applied to fully insured plans—the provisions of Senate Bill 41 (2025-26) that are codified at Health and Safety Code §§ 1385.001, .0026-.0029, .0031-.0032 and Insurance Code § 10123.2045. The Complaint should be dismissed with prejudice for the following reasons:

(1) ERISA's savings clause, 29 U.S.C. § 1144(b)(2)(A), permits states to regulate insurance. The challenged S.B. 41 provisions are saved from preemption because they are "specifically directed toward entities engaged in insurance" and "substantially affect the risk pooling arrangement between the insurer and the insured." *Ky. Ass'n of Health Plans v. Miller*, 538 U.S. 329, 342 (2003).

(2) The challenged S.B. 41 provisions do not fall within ERISA's preemption clause, 29 U.S.C. § 1144(a), because they do not "relate to any employee benefit plan described in section 1003(a) of [title 29] and not exempt under section 1003(b) of [title 29]." State laws "relate to" ERISA plans if they have a "reference to" or "connection with" ERISA plans. *Rutledge v. Pharm. Care Mgmt. Ass'n*, 592 U.S. 80, 86 (2020) (citation omitted).

   a. Plaintiffs do not claim the challenged provisions have an improper "reference to" fully insured ERISA plans.

   b. The challenged S.B. 41 provisions do not have an improper "connection with" fully insured ERISA plans because they "do[] not have anything to do with

employee benefit plans in particular." *Wash. Physicians Serv. Ass'n v. Gregoire*, 147 F.3d 1039, 1044-45 (9th Cir. 1998). "The mere fact that many ERISA plans choose to buy health insurance for their plan members does not cause a regulation of health insurance automatically to 'relate to' an employee benefit plan." *Id.* at 1045.

    c.  The challenged provisions also lack a "connection with" fully insured ERISA plans because the provisions do not (1) require "providers to structure benefit plans in particular ways, such as by requiring payment of specific benefits, [citation], or by binding plan administrators to specific rules for determining beneficiary status," nor do the provisions (2) have an "acute, albeit indirect, economic effects" that "force an ERISA plan to adopt a certain scheme of substantive coverage." *Rutledge*, 592 U.S. at 86-87 (cleaned up).

    d.  Dismissal should be with prejudice as amendment would be futile. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532-33 (9th Cir. 2008).

This motion is based upon this notice of motion and motion, the attached memorandum of points and authorities, the below certification of Darcie Tilly, the records and pleadings in this action, and other material the Court deems relevant.

CERTIFICATION OF COUNSEL

Pursuant to Judge Drozd's pre-filing meet-and-confer requirement, I hereby certify as follows:

(1) On July 2, 2026, my colleagues Danny Lo, Sophia TonNu, and I met with the counsel representing Plaintiffs in this matter.

(2) During our conversation, I explained that Defendants would be filing a motion to dismiss with prejudice under Federal Rules of Civil Procedure 12(b)(6). I provided an overview of our arguments that the Complaint fails to state a claim upon which relief can be granted, including discussing ERISA's savings and express preemption clauses, and providing citations to key cases (including *Miller*, *Rutledge*, and *Gregoire*) which undermine the Complaint's allegations.

3

(3) Counsel for Plaintiffs agreed that the parties' meet-and-confer efforts were exhausted and the issues presented in Defendants' motion require resolution by this Court.

(4) We also conferred about the briefing schedule for Defendants' motion. The parties continue to confer about a briefing schedule.

Dated:  July 7, 2026                                      Respectfully submitted,

ROB BONTA
Attorney General of California
NELI PALMA
Senior Assistant Attorney General
EMILIO VARANINI (SBN 163952)
Supervising Deputy Attorney General


/s/ *Darcie Tilly*
DARCIE TILLY (SBN 239715)
DANNY LO (SBN 265279)
SOPHIA TONNU (SBN 330189)
Deputy Attorneys General

*Attorneys for Defendants, in their official capacities*

4

**CERTIFICATE OF SERVICE**

Case Name:    **Optum Rx, Inc.. v. Bonta**          No.    **26-cv-01763-DAD-JDP**

I hereby certify that on <u>July 7, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT

- DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 7, 2026</u>, at San Diego, California.

|  |  |
|---|---|
| Darcie Tilly | *Darcie Tilly* |
| Declarant | Signature |