UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OPTUM RX, INC., et al.,

Plaintiffs,

v.

ROB BONTA, et al.,

Defendants.

No. 2:26-cv-01763-DAD-JDP

ORDER SETTING BRIEFING SCHEDULE AND CONSOLIDATING BRIEFING PURSUANT TO THE PARTIES' STIPULATION

(Doc. No. 21)

On July 16, 2026, the parties filed a stipulation to consolidate briefing on defendants' motion to dismiss and plaintiffs' anticipated motion for summary judgement and to set a briefing schedule. (Doc. No. 21.) Specifically, the parties stipulate as follows: (1) plaintiffs may file a combined opposition to defendants' motion to dismiss and a memorandum in support of their anticipated motion for summary judgement not to exceed 50 pages, (2) defendants may file a combined motion for relief pursuant to Federal Rule of Civil Procedure 56(d), opposition to plaintiffs' anticipated motion for summary judgement, and a reply in support of defendants' motion to dismiss not to exceed 50 pages, (3) plaintiffs may file a combined reply in support of their anticipated motion for summary judgement and opposition to defendants' anticipated motion for relief pursuant to Rule 56(d) not to exceed 35 pages, and (4) defendants may file a reply in

/////

support of their anticipated motion for relief pursuant to Rule 56(d) not to exceed 15 pages. (*Id.* at 3.)

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." In exercising its discretion in this regard, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Here, plaintiffs' complaint asserts a single cause of action claiming that "certain provisions of Senate Bill 41 (2025-26) are preempted by the Employee Retirement Income Security Act of 1974 (ERISA)." (Doc. No. 21 at 2.) The parties contend that consolidated briefing will reduce duplicative briefing on the legislative history of Senate Bill 41 (2025-26) and the applicable legal standards for ERISA preemption. (*Id.*) The court therefore finds good cause to permit consolidated briefing.

For the reasons explained above,

1. Plaintiffs shall file a consolidated motion for summary judgement and opposition brief to defendants' motion to dismiss (Doc. No. 20), not to exceed 50 pages, no later than August 4, 2026;
2. Defendants shall file their consolidated motion for relief pursuant to Rule 56(d), opposition to plaintiffs' motion for summary judgement, and any reply in support of defendants' motion to dismiss, not to exceed 50 pages, no later than September 8, 2026;
3. Plaintiffs shall file their combined reply in support of their anticipated motion for summary judgement and opposition to defendants' anticipated request for relief pursuant to Rule 56(d), not to exceed 35 pages, no later than October 6, 2026;
4. Defendants shall file any reply in support of their motion for relief pursuant to Rule 56(d), not to exceed 15 pages, no later than October 20, 2026; and

/////

5. The hearing on defendants' motion to dismiss (Doc. No. 20) currently set for October 19, 2026, is VACATED and the court hereby SETS a hearing on the parties' consolidated motions for November 2, 2026 at 1:30 p.m. before District Judge Dale A. Drozd. The parties are referred to Judge Drozd's Standing Order (Doc. No. 3) for Zoom appearance information.

IT IS SO ORDERED.

Dated: **July 21, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE